UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15-CR-12-003 |
| | ) JUDGE JORDAN |
| BRIAN KEITH ELLIOTT | ) |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Brain Keith Elliott, and the defendant admits that he has violated the conditions of his supervised release as specified in violation numbers 1-5 in the Petition. An agreement has been reached between the parties, recommending that Mr. Elliott's supervised release should be revoked and that he should receive a sentence of twelve (12) months and one (1) day imprisonment with no supervised release to follow. It is further recommended that the defendant serve his imprisonment term at FMC Lexington and that he be afforded all available halfway house placement to aid in his transition into the community.

Mr. Elliott agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade B violations for which an advisory guideline range of 12 to 18 months would apply given his Criminal History Category IV. The Court has considered this advisory guideline range. The Court has also considered the statutory maximum of 18 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), while taking into consideration all of those factors and the Chapter Seven policy statements. Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations as specified in violation numbers 1-5 in the Petition.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to a term of imprisonment of twelve (12) months and one (1) day to be followed by no supervised release. It is further recommended that the defendant serve his imprisonment term at FMC Lexington and that he be afforded all available halfway house placement to aid in his transition into the community.

_____
The Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____  
Robert M. Reeves  
Assistant U.S. Attorney

_____  
Pamela Higgins  
U.S. Probation Officer

x_____  
Brian Keith Elliott  
Defendant

_____  
Tim S. Moore  
Attorney for Defendant